UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GEORGE GARDNER,

                Plaintiff,

      -against-

WESTERN BEEF PROPERTIES, INC.,

                Defendant.
-------------------------------------------------------X

MEMORANDUM & ORDER

~~05 CV 3019~~

07-CV-2345

DEARIE, Chief Judge.

      Plaintiff George Gardner, a former department manager of defendant Western Beef Retail, Inc. (named in the complaint as Western Beef Properties, Inc.), alleges that defendant misclassified him and other employees as exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and New York Labor Law, N.Y. Labor Law § 190. Section 16(b) of the FLSA expressly provides that an action to recover unpaid overtime may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated," 29 U.S.C. § 216(b), and plaintiff seeks here to litigate his claim as such a "collective action" on behalf of other Western Beef department managers. Section 16(b), however, expressly limits the scope of such actions by providing that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." Id.

      Plaintiff also intends to pursue his parallel claim for overtime under the New York Labor Law as a class action under Rule 23 of the Federal Rules of Civil Procedure. Pursuant to Rule 23, that class would consist of all department managers who do not affirmatively "request

1

exclusion"—i.e., "opt-out" of the action. See Fed. R. Civ. P. 23 (c).

Based on the tension between the "opt-out" feature of a Rule 23 class and the "opt-in" nature of an FLSA collective action, defendant has moved pursuant to Rules 12(b)(6), 12(f) and 23(d) of the Federal Rules of Civil Procedure to dismiss and/or strike the state law class allegations. For the reasons set forth below, defendant's motion is denied.

## DISCUSSION

As the Court's remarks at oral argument conveyed, the Court is sensitive to the tension between Section 16(b) and Federal Rule 23 as applied to the state overtime claim. But defendant's motion is denied because it rests on an excessively sweeping proposition that defendant extracts from that tension: namely, that an FLSA collective action may never coexist with a Rule 23-certified NYLL class. Defendant asks this Court to adopt that principle as a categorical rule requiring dismissal of the state class allegations at the pleading stage, even when, as defendant concedes, plaintiff's federal and state claims rest on *identical* factual allegations and legal theories Def. Mem. at 1. No authority presented to this Court supports such a blanket rule of law.

The Court confronts the issues in defendant's motion against the backdrop of a substantial body of judicial reflection: in numerous federal lawsuits in this district and across the country, employers have challenged, on the same grounds raised here, the coexistence of an FLSA collective action with a state overtime class action. The more than forty resulting decisions brought to the Court's attention sort themselves into two opposing lines of authority and do not require repackaging here in order to explain this Court's decision. Although the

motion presents a question on which reasonable minds can genuinely disagree, particularly in the absence of controlling Second Circuit authority, the Court concludes that plaintiff's state overtime class allegations survive this 12(b)(6) challenge largely for the reasons persuasively set forth in the decisions of Judge Gleeson, in Guzman v. VLM, Inc., No. 07-CV-1126, 2008 WL 597186, at *8-*10 (E.D.N.Y. March 2, 2008) (rejecting employer assertions of inherent incompatibility, frustration of Congressional intent, and contravention of Rules Enabling Act) and Judge Amon, in Westerfield v. Washington Mut.Bank, No. 06-CV-2817, 2007 WL 2162989, at *1-*3 (E.D.N.Y. July 26, 2007) (same). See also Damassia v. Duane Reade, Inc., __ F.R.D __, Nos. 04 CV 8819, 06 CV 2295, 2008 WL 2201469, at *9-*11 (S.D.N.Y. May 27, 2008) (relying on key portions of Guzman and Westerfield, rejecting the same arguments defendant raises here).

Despite the alleged incompatibility of the FLSA collective action and a Rule 23 opt-out class, the Court notes that federal courts in New York have regularly allowed the two to coexist. Damassia, 2008 WL 2201469, at *3-*12; Guzman, 2008 WL 597186, at *1; Jankowksi v Castaldi, No. 01 CV 164, 2006 WL 118973 (E.D.N.Y. Jan. 13, 2006); Duchene v. Michael L. Cetta, Inc., 244 F.R.D. 202, 204 (S.D.N.Y. 2007); Toure v. Cent. Parking Sys. of N.Y., No. 05 CV 5327, 2007 WL 2872455 (S.D.N.Y. Sept. 28, 2007); Lee v. ABC Carpet & Home, 236 F.R.D. 193, 196 (S.D.N.Y. 2006); Torres v. Gristede's Operating Corp., No. 04 CV 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006); Iglesias-Mendoza v. LaBelle Farm, Inc., 239 F.R.D. 363, 375 (S.D.N.Y. 2007); Ansoumana v. Gristede's Operating Corp., 201 F.R.D. 81 (S.D.N.Y. 2001); Noble v. 93 Univ.Place Corp., 224 F.R.D. 340 (S.D.N.Y. 2004); Brzychnalski v. Unesco, Inc., 35 F. Supp.2d 351 (S.D.N.Y. 1999); Ouedraogo v. Durso Assocs. Inc., No. 03 CV 1851, 2005 WL 1423308, at *2 (S.D.N.Y. 2005).

In light of positions pressed by defendant at oral argument sounding in preemption, res judicata, and choice of forum, the Court registers its particular agreement with Judge Amon who understood, when concluding that "inherent incompatibility" is not a "doctrine" or rule of law, Westerfield, 2007 WL 2162989, at *2, that the dissimilarity between Section 16(b) and Rule 23, standing alone, does not require either that identical state and federal overtime claims be brought in separate actions, or that plaintiff forfeit altogether the option of class adjudication of his state claims. Yet these are precisely the untenable positions defendant asks the Court to adopt.

The only doctrine of which this Court is aware that would authorize the reach defendant attributes to Section 16(b) is preemption, but defendant concedes, in light of settled Second Circuit authority, that it has no preemption argument to assert on this motion. See Overnite Transp. Co. v. Tianti, 926 F.2d 220, 222 (2d Cir. 1991) (agreeing with "every Circuit that has reached the same question," finding express Congressional intent to allow "state regulation to coexist with the federal scheme," and holding that FLSA does not preempt state overtime wage law). The Second Circuit relied on the deference to state law contained in the federal statute itself, see 29 U.S.C. §218(b), which expressly authorizes states to mandate even greater overtime benefits than those established by Congress. Overnite Transp., 926 F.2d at 220.[1] See also Damassia, 2008 WL 2201469 at *10 ("Congress has spoken only with regard to FLSA wage claims, not wage claims generally, and has expressed no policy preference with respect to whether to certify a class for state law wage claims").

Defendant's variously framed res judicata arguments necessarily fail, therefore, because

---

[1] Likewise, because a federal law can only be said to preempt a provision of *state* law, see, e.g., Madeira v. Affordable Housing Found., Inc., 469 F.3d 219, 237-239 (2d Cir. 2006) (reviewing basic preemption tests), defendant could not claim that Section 16(b) "preempts" Rule 23 of the Federal Rules of Civil Procedure.

4

what they claim on behalf of Section 16(b) is preemption, in all but its label, and yet there is no source for the preemption they assert. According to defendant, the identical nature of the state and overtime claims, rather than serving as the reason to consider the claims together, instead becomes the ground for dismissing the state class claim. This, according to defendant, is because of what likely occurs when the "passive" employee—i.e., the one who fails to respond to any notice issued to potential class members—becomes a member of the state overtime class (because he did not opt out) but has not joined the FLSA collective suit. Def. Mem. at 6-10. This situation, defendant insists, is precisely where the tension between Section 16(b) and Rule 23 is most acute because, by virtue of her default membership in the opt-out state class but without having given the express written consent that Section 16(b) requires as a prerequisite to collective adjudication of his FLSA overtime claim, this employee would have little if any of her FLSA claim left to litigate. Id.

Assuming the pleadings stage were the proper occasion for entertaining arguments about the preclusive effect of any eventual judgment (particularly involving not-yet-certified classes), defendant's scenario cannot be a reason to dismiss the state overtime class allegations. Congress made explicit its intent to allow state and federal overtime law to coexist; it can hardly be considered unforeseeable, then, that identical facts would give rise to parallel federal and state overtime claims. However the rules of res judicata might play out on a particular set of litigation parameters does not appear, either in the text of Section 16(b) or its legislative history, to have been a matter of Congressional concern when enacting 16(b)'s consent requirement.[2] Absent

---

[2] Notwithstanding its concession that it was not arguing preemption, defendant's consistent refrain at oral argument was that "Congress has spoken." The Court has therefore given substantial consideration to the authorities, presented by defendant, that compile and

5

controlling Second Circuit authority, therefore, the Court declines defendant's invitation to read Section 16(b) as exempting overtime wage litigants from the ordinary operation of res judicata principles or the important policies they advance, such as the finality of judgments and avoidance of repetitive litigation. The Supreme Court has recently reaffirmed the legitimate preclusive effect of properly conducted class actions, such as those brought under Federal Rule 23 and its attendant procedural safeguards. Taylor v. Sturgell, __ U.S.__, 2008 WL 2368748, No 07-371553 (June 12, 2008), slip op. at *12. Moreover, as the Court in Damassia explained, "as in any Rule 23(b)(3) class action, potential class members who want to control their own litigation, and to avoid being bound by the judgment in the class action, are free to opt out of the class." 2008 WL 2201469 at *11.

That preemption is what defendant's preclusion arguments are really asserting, and why they must be rejected, is clear in the following situation addressed at oral argument. Because the state and federal claims are, by defendant's admission, the "same" for res judicata purposes, Def. Mem. at 8, the feared preclusion that defendant attributes to the *coexistence* of the state and federal classes would result even if plaintiff had pursued *only* his state class claim. Unaccompanied by the parallel federal claim, the state-only claim would presumably have been filed in state court but otherwise resemble the claim asserted here because the New York rule for class actions, C.P.L.R. § 901, provides for opt-*out* classes. Under defendant's reasoning, therefore—and defendant conceded this to be its position on this hypothetical at oral argument—this entirely state-based suit could not be brought because of Section 16(b)'s written

---

interpret what is understood about the unique events precipitating the enactment of Section 16(b) and Congress's declared purposes. See Def. Mem. at 3-5.

consent requirement. Tr. 6-7. Indeed, if defendant's view were correct, that pure state suit could *never* be brought: (i) defendant's motion, on its face, expressly seeks to bar the *dual* assertion of federal and state class overtime claims; (ii) the same preclusion-rationale, as just explained, would bar the *prior* filing of a state class claim; and (iii) the prior-filed federal claim that defendant insists upon would necessarily preclude much or all of any *later* state suit based on the same conduct and involving the same workers.

The Second Circuit having settled the preemption question in Overnite Transporation, this Court cannot adopt defendant's reading of Section16(b). See Klein v. Ryan Beck Holdings, Inc., No. 06-CV-3460 (WCC), 2007 WL 2059828, at *6 (S.D.N.Y. Jul. 13, 2007) ("The FLSA guarantees merely that all collective actions brought pursuant to it be affirmatively opted into. It does not guarantee that employers will never face traditional class actions pursuant to state employment law."). To be sure, there is no decision squarely addressing whether, apart from the FLSA's general savings clause, Section 16(b) might have independent preemptive reach. But the Court finds no support in the legislative history of Section 16(b) for defendant's view that, while expressly allowing state overtime regulation to coexist with the federal scheme, Congress intended in 1946, when it enacted 16(b) in response to the flood of federal litigation threatening to derail the post-war economy, to undermine those coexisting state rights by denying employees access to the tools of the modern class action of today. See note 2.

Conceding, in spite of the lack of authority, that it *would* argue preemption if plaintiff had filed this suit in state court, Tr. 6-7, defendant asserted that because plaintiff chose *federal* court, he should bear the consequences of his choice of forum. Tr. 5. There is no merit, however, to defendant's apparent contention that Section 16(b) might have greater force in federal than in state

court. Properly entertaining an FLSA claim under that statute's concurrent jurisdiction clause, 29 U.S.C. § 216, the state court, in a reverse-Erie posture, would be no less bound than a federal court to apply the written consent requirement of Section 16(b).

Because this is decided as a motion to dismiss or strike and no motion for certification by plaintiff is pending, the Court need not reach defendant's arguments addressed to the particular requirements of Rule 23.

## CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss or strike plaintiff's state overtime class allegations is denied.

SO ORDERED.

Dated: Brooklyn, New York
       June 16, 2008

                                    RAYMOND J. DEARIE
                                    United States District Judge