FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 2 3 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
GEORGE GARDNER,

        Plaintiff,

- against -

WESTERN BEEF PROPERTIES, INC.,

        Defendant.
------------------------------------------------------X
MORRIS WHITE and
LAWRENCE CARRINGTON,

        Plaintiffs,

- against -

WESTERN BEEF, INC.
------------------------------------------------------X

**MEMORANDUM & ORDER**

07 CV 2345

08 CV 2595

DEARIE, Chief Judge.

Before the Court is plaintiffs' motion for preliminary certification of their federal overtime claims as a "collective action" within the meaning of Section 16(b) of the Federal Labor Standards Act, 29 U.S.C. §216(b). As stated during oral argument on July 16, 2009, the Court concludes that plaintiffs have met their minimal burden for first-round 16(b) certification, a provisional ruling only. See, e.g., Guzman v. VLM, 2007 WL 2994278, at *2 (E.D.N.Y. Oct. 11, 2007) (Gleeson, J.); Chowdhury v. Duane Reade, Inc., 2007 WL 2873929 (S.D.N.Y. Oct 2, 2007); Damassia v. Duane Reade, Inc., 2006 WL 2853971, at *2 - 4 (S.D.N.Y. Oct. 5, 2006). Defendant's objections to the quantity and quality of plaintiffs' submissions assume a more demanding standard than is normally required of plaintiffs at this stage. See, e.g., Guzman, 2007

WL 2994278 at *3 - 4 (court "ha[s] no difficulty" finding the "fairly lenient" standard met by affidavits of four employees "affirming a company-wide policy of failure to pay overtime wages"; defendant's "contention that plaintiffs' claims are merely 'conclusory' . . . tries to hold the plaintiffs to too high a standard at this phase of the litigation"); Patton v. Thompson, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) (Orenstein, M.J.) (for purposes of initial, provisional section 216(b) certification, allegations of company-wide policy implied likelihood of other, similarly situated workers); Iriarte v. Redwood Deli and Catering, Inc., 2008 WL 2622929, at *2 (E.D.N.Y. June 30, 2008) (Gold, M.J.) (plaintiffs' failure to name other employees not fatal to provisional certification in light of "the allegations plaintiff makes in his affidavit about observing fellow employees working overtime without proper compensation and the minimal burden required for certification"). As these authorities consistently hold, certification of a collective action "is only a *preliminary* determination as to which *potential* plaintiffs may in fact be similarly situated," and "merely provides an opportunity for *potential* plaintiffs to join." Iriarte, 2008 WL 2622929 at *1 (emphases added) (internal citations and quotations omitted).

Defendant's separate objections, addressed to the individualized inquiries that may eventually be needed to resolve the merits of the "mis-classification" allegation on which the merits turn, are premature. See Chowdhury, 2007 WL 2873929, at * 2 ("it is well-established that the merits of plaintiff's claims need not be resolved at this stage") (internal citations and quotation omitted); Lynch v. United Services Automobile Ass'n, 491 F. Supp.2d 357, 368 (S.D.N.Y. 2007) (at initial certification stage, court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations"). The critical inquiry here is whether the members of the putative class are similarly situated "with respect to

their allegations that the law has been violated." Chowdhury, 2007 WL 2873929, at *5 (internal citation omitted). The Court finds that they are: each member of the putative class is alleged to be the victim of a company-wide policy to evade the FLSA's overtime requirements by assigning the title "manager" to workers whose duties were not predominantly managerial. See Lynch, 491 F. Supp.2d at 369 (plaintiffs must show that the named parties and the putative class members "were victims of 'a common policy or plan that violated the law'").

As to the scope of the notice, the Court concludes that, because the alleged misconduct is a company-wide policy, the notice shall likewise be company-wide. The factual differences emphasized by defendant bear only on the merits but do not justify limiting the reach of the notice to fewer than all of its 22 stores.

A final issue in dispute is the notice period. Plaintiffs urge this Court to adopt a six-year notice period by tolling the FLSA's statute of limitations, which is ordinarily two years, but three years for wilful violations. See 29 U.S.C. § 255(a). Plaintiffs assert that tolling is appropriate because, in their view, there exists a factual issue as to whether the employees were actively prevented from exercising their rights. See Miller v. Int'l Tele. & Tele. Corp., 755 F.2d 20, 24 (2d Cir.), cert. denied, 474 U.S. 851 (1985). Several plaintiffs assert that they never saw posted notice, at their workplace, alerting them to their legal rights with respect to overtime, while defendant affirms that the required notice was conspicuously posted in each of the company's 22 stores. At this early pre-discovery stage, however, the record does not allow for *any* tolling-related findings, and so the Court denies that branch of plaintiffs' application without prejudice.

The Court nevertheless finds that non-tolling considerations make a six-year period appropriate. The state law claims, which have a six-year statute, see N.Y. Lab. Law § 198(3), are

3

*in* this case—indeed, the appropriateness of their co-existence with the federal claims was vigorously litigated in the last round of motions—and it is well-established that stage-one Section 16(b) notice serves a crucial discovery function. See, e.g. Masson v. Ecolab, 2005 WL 2000133, at *14-15 (S.D.N.Y. Aug. 17, 2005) ("approval of th[e] collective action is for purposes of discovery as well as notice"); Guzman, 2007 WL 2994278, at *5 (on motion to certify only FLSA collective action, court, in exercise of its discretion, adopts six-year notice period to reach workers with possible state claims). Accordingly, in the exercise of its broad discretion to facilitate inclusive notice that reaches all potential class members, see Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989), rather than on tolling grounds, the Court directs that notice of the collective action be issued to all persons employed by defendant, now or during the past *six* years, whose title is or was manager or assistant manager.

The Court has already alerted the parties to its concern that potential class members be alerted to the fact that, while not the subject of the collective action, their rights under state law are part of the suit and may be the subject of a later round of litigation.

The parties shall confer and submit for final approval to Magistrate Azrack a jointly proposed form of notice.

SO ORDERED.

Dated: Brooklyn, New York
July 22, 2009

                                                s.RJD
                                        RAYMOND J. DEARIE
                                        United States District Judge

4