UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MORRIS WHITE, LAWRENCE CARRINGTON, and
GEORGE GARDNER,
Individually and on Behalf of All Other
Persons Similarly Situated,

Plaintiffs,

- against -

WESTERN BEEF, INC., et al.,

Defendants.
-----------------------------------------------------------------X

**ORDER**

07 CV 2345 (RJD) (JMA)

DEARIE, Judge.

In a Report and Recommendation dated June 10, 2011, Magistrate Joan M. Azrack recommends that opt-in plaintiffs Jancy Mejia, Jose Lopez, Frandy Jean Baptiste, Francisco Munoz, Jose Ramirez, Douglas Pellicane, and Peter Krepek be dismissed because plaintiffs' counsel has failed to produce them for depositions. In lieu of a timely, formal objection as required by Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), plaintiffs filed on June 29, 2011, five days beyond the deadline for filing objections to the R&R, a motion for reconsideration before Magistrate Azrack, asking that Mr. Pellicane not be dismissed. The motion concedes that Mr. Pellicane could not be reached at the time of his previously scheduled telephone deposition but represents to the Court that counsel's "continued efforts to reach Mr. Pellicane" have now been "successful," and that counsel is now "able to schedule [Mr. Pellicane's] deposition at Defendant's convenience."

Defendants' opposition to plaintiffs' motion, also addressed to Magistrate Azrack, argues that the request be denied inasmuch as it is neither timely nor properly styled (*i.e.*, as an

Objection to the R&R). Defendants also argue, in the alternative, that if the Court deems it appropriate to permit Mr. Pellicane to continue as an opt-in plaintiff, that "a firm date" be set for his deposition, and that Mr. Pellicane's failure to appear at that proceeding result in his dismissal from the suit.

A district court's duty is to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b). Accord Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.") The controlling statute further provides that "a judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and the "[t]he judge may also receive further evidence or recommit the matter with instructions." Id. Accord Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions").

"The district judge is not required to review, under a de novo or any other standard, [the] factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed, so long as such are not clearly erroneous." United States v. Burke, 09 CR 135 (SJ), 2011 WL 2609837, *1, (E.D.N.Y. July 1, 2011) (internal citations omitted).

Plaintiffs' counsel has not objected to the portion of the R&R that recommends that opt-in plaintiffs Jancy Mejia, Jose Lopez, Frandy Jean Baptiste, Francisco Munoz, Jose Ramirez, and Peter Krepek be dismissed. Finding no clear error, the Court accordingly adopts that portion of Magistrate Azrack's recommendation without further discussion. See Fed. R. Civ. P. 37 (d); Morangelli v. Chemed Corp., 10 CV 876 (BMC), 2011 WL 7475, *1-2 (E.D.N.Y. Jan. 1, 2011).

2

With respect to Mr. Pellicane, the Court understands defendants' position that plaintiffs' counsel failed to present Mr. Pellicane's circumstances to the Court in a timely and properly styled manner (*i.e*, as a formal Objection to the R&R, as the applicable rule and statute provide). Nevertheless, defendant does not otherwise oppose the merits of plaintiffs' request that Mr. Pellicane be afforded one final opportunity to appear for his deposition before he is dismissed from the case.[1] Accordingly, the Court does not adopt the portion of the Report and Recommendation that recommends dismissal of Mr. Pellicane but instead allows him to continue as an opt-in plaintiff. The Court endorses, however, defendants' request that "a firm date" be set for Mr. Pellicane's deposition and recommits the matter to Magistrate Azrack for scheduling, and for alerting Mr. Pellicane that his failure to appear for that deposition will result in his dismissal from this action.

SO ORDERED.

Dated: Brooklyn, New York
July 7, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

---

[1] The Court finds nothing in the text of Federal Rule 72 or 28 U.S.C. § 636 that constrains the Court, in its capacity as final decision-maker on dispositive matters, from taking fair account of the substance of the parties' post-R&R submissions, regardless of form.

3