UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
GEORGE GARDNER, MORRIS WHITE, and
LAWRENCE CARRINGTON, individually
and on behalf of all other persons similarly
situated,

                      Plaintiffs,

    -against-

WESTERN BEEF PROPERTIES, INC., et al.,

                     Defendants.
-------------------------------------------------------X

**REPORT &
RECOMMENDATION**
07-CV-2345 (RJD) (JMA)

A P P E A R A N C E S:

Pamela Jae Naples
Neil Frank
Frank & Associates, P.C.
500 Bi-Country Boulevard, Suite 112N
Farmingdale, NY 11735
    *Attorneys for Plaintiffs*

William C. Rand
228 East 45th Street, 17th Floor
New York, NY 10017
    *Attorney for Plaintiffs*

Dana Lauren Gottlieb
Jeffrey M. Gottlieb
Gottlieb & Associates
150 East 18th Street, Suite PHR
New York, NY 10003
    *Attorneys for Plaintiffs*

James W. Weller
Joseph John Ortego
Brian C. Avello
Thomas M. Mealiffe
Nixon Peabody LLP
50 Jericho Quadrangle, Suite 300
Jericho, NY 11753
    *Attorneys for Defendants*

1

**AZRACK, United States Magistrate Judge:**

On October 21, 2008, George Gardner, Morris White, and Lawrence Carrington, individually and on behalf of all other persons similarly situated ("plaintiffs"), filed an amended complaint against Western Beef Properties, Inc., Western Beef, Inc., Miguel Abinader, Derrick Garfield, and Western Beef Retail, Inc. ("defendants"). Plaintiffs allege that defendants violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") by failing to pay minimum wages and one and a half the regularly hourly rate for hours worked in excess of forty per week. See Am. Compl. 2, ECF No. 39. On August 22, 2011, plaintiffs filed a motion for class certification of the NYLL claims, and a motion to amend the complaint.[1] Mot. to Certify Class, ECF No. 145. The Honorable Raymond J. Dearie referred the motions to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. Order Referring Mot. 1, ECF No. 161. For the reasons discussed below, I respectfully recommend that the motion for class certification be denied, and that the motion to amend be granted.

## I. BACKGROUND

Defendants own and operate twenty-two grocery stores across New York, New Jersey, and Florida. See Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Class Certification ("Opp'n Mem.") 3, ECF No. 160. Each store is composed of different departments, including grocery, bakery, deli, frozen, fish, dairy, produce, receiving, and meat. Id. The named plaintiffs are former employees of defendants who worked as "managers" or "assistant managers." Cert. Mem. 3. Plaintiffs allege that their duties were non-managerial, and that they worked in excess of forty hours per week without being paid overtime or minimum wage. Id. at 3. Defendants

---

[1] The motion to amend is not a formal motion, but rather a one paragraph request included in plaintiffs' class certification memorandum of law. See Pls.' Mem. of Law in Supp. of Mot. for Class Certification ("Cert. Mem.") 14, ECF No. 151.

2

counter that they were not required to pay overtime or minimum wages because plaintiffs, as managers and assistant managers, were employed in a capacity exempt from federal and state overtime and minimum wage laws. See Answer to Am. Compl. 18, ECF No. 43. On July 23, 2009, Judge Dearie preliminarily certified plaintiffs' FLSA claims as a collective action. Mem. and Order 1, ECF No. 72. Defendants identified 334 employees that worked during the relevant time frame, and of them, 45 opted in.[2] See Opp'n Mem. 5–6. Subsequently, six opt-in plaintiffs were dismissed. Order, ECF No. 142.

## II. DISCUSSION

### A. Standards

#### 1. Federal Rule of Civil Procedure 23

Class certification motions are governed by Federal Rule of Civil Procedure ("Rule") 23. Although "there is an inclination to grant class certification of state labor claims" when a court previously certified a collective action under the FLSA, see Lee v. ABC Carpet & Home, 236 F.R.D. 193, 202–03 (S.D.N.Y. 2006) (citation omitted), this inclination is not dispositive because the requirements for certification under Rule 23 are more stringent, see Levinson v. Primedia Inc., No. 02-CV-2222, 2003 WL 22533428, at *1 (S.D.N.Y. Nov. 6, 2003).

In order to obtain class certification, plaintiffs must demonstrate, by a preponderance of the evidence, the four requirements of Rule 23(a). See Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010). "[C]ertification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." Wal-Mart Stores, Inc. v.

---

[2] Plaintiffs submit that 331 potential plaintiffs were identified by defendants in the collective action, and that 44 opted in. Pls.' Reply Mem. of Law in Supp. of Mot. for Class Certification ("Reply Mem.") 1–2, ECF No. 152.

Dukes, __ U.S. __, 131 S. Ct. 2541, 2551–52 (internal quotation marks and citation omitted). The four requirements are:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). These elements are commonly referred to as "numerosity, commonality, typicality, and adequacy." Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc., 546 F.3d 196, 201–02 (2d Cir. 2008). Next, plaintiffs must satisfy one of the three categories listed in Rule 23(b). Fed. R. Civ. P. 23(b). Here, plaintiffs seek certification pursuant to only Rule 23(b)(2) and (3). Under these sections, a class may be maintained if:

> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b). Rule 23(b)(3) goes on to list several factors pertinent to the analysis of that subsection. Fed. R. Civ. P. 23(b)(3)(A)-(D).

A class may be certified only after the court "resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established and is persuaded to rule, based on the relevant facts and the applicable legal standard, that the requirement is met." In re Initial Pub. Offerings Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2006).

### 2. New York Labor Law

In New York, employers are required to pay employees one and a half times the regular rate for hours worked in excess of forty per week. 12 N.Y. Comp. Codes R. & Regs. § 142-2.2.

4

This rule, however, is not absolute and certain types of employees are exempt. New York State Department of Labor Regulations adopts the exemptions set forth in the FLSA, id., including an exemption for those "employed in a bona fide executive . . . capacity," 29 U.S.C. § 213(a). An employee working in a "bona fide executive" capacity is defined as any employee who earns a certain threshold salary, "[w]hose primary duty is management,"[3] "[w]ho customarily and regularly directs the work of two or more other employees," and "[w]ho has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 CFR § 541.100(a). "This set of requirements is commonly referred to as the 'duties test.'" Golden v. Merrill Lynch & Co., Inc., No. 06-CV-2970, 2007 WL 4299443, at *12 (S.D.N.Y. Dec. 6, 2007).

**B. Analysis**

**1. Rule 23(a)(1): Numerosity**

"There is no magic minimum number that establishes numerosity," U.S. Fid. and Guar. Co. v. Madison Fin. Corp., No. 01-CV-3998, 2002 WL 31731020, at *6 (S.D.N.Y. Dec. 4, 2002), but "numerosity is presumed at a level of 40 members," Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995). Here, the potential class numbers 334 people. Defendants argue that plaintiffs fail to establish numerosity because, of the 334 individuals identified by defendants as potential plaintiffs in the collective action, only 45 opted in, and, of

---

[3] "Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the [management] duties as compared with other types of duties; the amount of time spent performing [management] work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee. . . .." 29 CFR § 541.700.

those 45, 6 have been dismissed.[4] See Opp'n Mem. 5–6; Order 2, ECF No. 142. Even if I were to accept this line of reasoning, it still leaves plaintiffs within striking distance of the number of participants required for the presumption. Further, in the Second Circuit, courts are permitted to take into account a number of mitigating factors, including whether potential plaintiffs could be "fearful that they may suffer reprisal" for joining. Niemiec v. Ann Bendick Realty, No. 04-CV-897, 2007 WL 5157027, at *7 (E.D.N.Y. Apr. 23, 2007). Given that the potential class numbers 334 persons, that the number of opt-in plaintiffs in the collective action is very close to the number required for a presumption, and that current employees of defendants may have feared reprisal for joining the collective action, I find that the numerosity requirement is satisfied.

### 2. Rule 23(a)(2): Commonality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). As clarified by the Supreme Court, the claims must depend on a "common contention" that is of "such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Dukes, 131 S. Ct. at 2551. "[F]or purposes of Rule 23(a)(2) [e]ven a single [common] question will do." Id. at 2556 (citation and internal quotation marks omitted) (first alteration added).

Here, plaintiffs propose the following as potential common questions: (1) whether defendants employed class members within the meaning of NYLL; (2) whether plaintiff failed to keep accurate time records, and the level of proof that is sufficient when there has been such a failure; (3) whether plaintiffs are entitled to compensatory damages, interest, costs, and

---

[4] Plaintiffs submit slightly different figures for the number of potential plaintiffs and those who opted in. See supra n.2. Regardless, the variance is minor and does not alter my finding.

attorneys' fees, and whether they are entitled to injunctive relief; and (4) whether defendants failed to pay overtime and minimum wages in violation of NYLL. Cert. Mem. 7. Despite this effort, I find that plaintiffs fail to state a "common contention" that is "central to the validity" of the plaintiffs' claims. Dukes, 131 S. Ct. at 2551. First, whether plaintiffs are deemed employees within the meaning of NYLL is a relevant consideration, but it is not central to the validity of the underlying NYLL claims, nor even likely to be contested. Second, whether defendants failed to keep records, and the applicable legal standard in that instance, is not a central consideration because it only affects the manner in which the Court will calculate the number of hours worked. Third, whether plaintiffs are entitled to particular types of damages or injunctive relief pertains merely to the relief to which plaintiffs may be entitled if successful, not to the validity of the claims. Fourth, whether defendants failed to pay overtime and minimum wage in violation of NYLL is the central consideration here, but it is not a common one. Because defendants claim the management exemption, a dispositive question for each plaintiff is whether defendants misclassified that particular plaintiff as management. The resolution of this question is not conducive to collective proof or "capable of classwide resolution" because it will require individualized examinations of each plaintiff's daily responsibilities and duties while on the job. See Myers v. Hertz Corp., No. 02-CV-4325, 2007 WL 2126264, at *4–5 (E.D.N.Y. July 24, 2007) (finding lack of commonality because the key issue, whether employees were misclassified as exempt, required individualized proof), aff'd, 624 F.3d 537, 547 (2d Cir. 2010). In conducting these individualized examinations, courts will employ the "duties test," and, in doing so, consider a variety of factors. See supra Part II.A.2; see also Golden, 2007 WL 4299443, at *12.

7

This Court was presented with a similar certification issue in Myers v. Hertz Corporation, which was affirmed by the Second Circuit. There, the plaintiffs sued Hertz alleging a failure to pay overtime wages under the FLSA and NYLL. Id. at *1. Hertz contended, like defendants here, that it was not required to pay the putative class members overtime because they fell under the management exemption. Id. The Honorable Brian Cogan found that a determination of whether the management exemption applied required "individualized proof" for each plaintiff, and thus that the quantum of commonality required to satisfy Rule 23(a)(2) was not present. Id. at *4.

Therefore, because plaintiffs fail to demonstrate that there are sufficient questions of law or fact in common between the putative class members, I find that plaintiffs have not satisfied their burden under Rule 23(a)(2).

### 3. Rule 23(a)(3): Typicality

The typicality element of Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). This element is satisfied if "each member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." Marisol A. v. Giuliani, 126 F.3d 372, 376 (2d Cir. 1997). "The commonality and typicality requirements often tend to merge into one another, so that similar considerations animate analysis of both." Brown v. Kelly, 609 F.3d 467, 475 (2d Cir. 2010) (citation and quotation marks omitted). Here, for many of the same reasons discussed supra in Part II.B.2, the named plaintiffs' claims do not "arise from the same course of events" as the rest of the putative class because the basis for defendants' liability to each plaintiff—whether that plaintiff was misclassified—is unique to each plaintiff and requires an individualized examination. See Myers, 2007 WL 2126264, at *6

(holding that typicality was not satisfied because "proof of liability will require individual factual analysis"). Thus, I find that plaintiffs fail to satisfy their burden under Rule 23(a)(3).

   5.   **Rule 23(a)(4): Adequacy**

Because defendants do not address Rule 23(a)(4) in their briefing, I assume that they do not challenge that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); see generally Opp'n Mem. Therefore, I find that plaintiffs have satisfied their burden under Rule 23(a)(4).

   6.   **Rule 23(b)(3): Predominance of Common Issues**

Under Rule 23(b)(3), plaintiffs must establish that "questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."[5] Fed. R. Civ. P. 23(b)(3). The predominance inquiry is similar to the commonality inquiry, but it is a higher hurdle. See Myers, 2007 WL 2126264, at *7 ("[P]redominance is a similar, but more demanding test than commonality . . . .").

Because plaintiffs failed to meet their burden under Rule 23(a), they also fail under the stricter requirements of Rule 23(b)(3). The central, overriding question here is whether defendants correctly or incorrectly classified the putative plaintiffs as management, and the answer to this question requires an examination of each plaintiff's typical responsibilities. Because this individualized issue is largely outcome determinative of the underlying claims, and because plaintiffs' efforts, as discussed below, to obviate the need for individualized proof are not persuasive, common issues do not predominate. See Deboissiere v. Am. Modification

---

[5] Because I have already found that plaintiffs fail to meet the requirements of Rule 23(a), the analysis need not continue. However, in the interest of thoroughness, I will discuss the application of Rule 23(b)(3).

Agency, No. 09-CV-2316, 2010 WL 4340642, at *4 (E.D.N.Y. Oct. 22, 2010) (holding that common issues did not predominate where a "single important *individualized* issue might prove outcome determinative for many, if not all, of the proposed class members." (emphasis added)); Edwards v. Publishers Circulation Fulfillment, Inc., 268 F.R.D. 181, 188–189 (S.D.N.Y. 2010) (finding that individual, rather than common, issues would predominate because an "individualized assessment" of each employee's situation was necessary to determine if that particular employee was misclassified).

Plaintiffs' efforts to establish a predominance of common issues, as well as their efforts to minimize the need for individualized proof are unavailing. First, plaintiffs assert that common issues predominate because defendants uniformly classified all assistant managers and managers as exempt. See Reply Mem. 2, 10. The plaintiffs in Hertz made the same argument. See Myers, 2007 WL 2126264, at *5. Judge Cogan deemed this argument "superficial" because whether a particular plaintiff is misclassified as management, and therefore entitled to overtime, turns on "what each member of the class does on a daily basis," not what the employer does "vis-à-vis the entire class." Id. In affirming Judge Cogan's decision, the Second Circuit noted that, while an employer's policy of uniformly categorizing a group of employees as exempt is some evidence that the employer believes that the employees' duties are similar, the real question is "answered by examining the employee's actual duties." Myers, 624 F.3d at 549–50. Thus,

defendants' policy of uniformly categorizing all managers and assistant managers as exempt does not sufficiently demonstrate that common issues predominate.[6]

Second, plaintiffs argue that the deposition testimony of twenty-three or twenty-four potential class members[7] and the declarations of the three named plaintiffs obviate the need for individualized proof because they sufficiently establish that plaintiffs' responsibilities were uniformly non-managerial. See Reply Mem. 2–9. Plaintiffs submitted no other documentation or evidence purporting to demonstrate this uniformity. Despite allegations in the declarations that other employees with the title manager or assistant manager did not have managerial responsibilities, I find the quantum of evidence submitted inadequate to establish that the potential class members' duties as a whole were uniformly non-managerial. See Edwards, 268 F.R.D. at 188 (discounting the probative value of the plaintiffs' testimony due to a lack of evidence that their experiences could be imputed to the other potential class members). Moreover, despite plaintiffs' claims of uniformity, a review of the deposition testimony shows variation between the quality and quantity of the different potential plaintiff's levels of managerial responsibility. See generally Decl. of James Weller, Exs. A-L, ECF No. 159; Reply Decls. of William C. Rand in Support of Pls.' Mot. for Class Certification, ECF Nos. 153–158;

---

[6] Plaintiffs' reliance on Wiegele v. Fedex Ground Package System, Inc., No. 06-CV-1330, 2008 WL 410691 (S.D. Cal. Feb. 12, 2008), is unconvincing. There, a court found that common issues predominated because the employer uniformly classified a group of employees as exempt. Id. at *8–10. Plaintiff fails to mention, however, that Wiegele was abrogated in part by Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 945–46 (9th Cir. 2009). In Vinole, the Ninth Circuit held that courts should not automatically find predominance of common issues over individual ones when an employer uniformly characterizes a class of employees as exempt. Id. at 945–46. Instead, the predominance inquiry should take into account a number of other factors in determining whether common issues predominate. Id. at 946. Following this line of reasoning, the Ninth Circuit held that the lower court did not abuse its discretion in denying certification on the by now familiar grounds that the need for individualized examinations to determine the plaintiffs were misclassified predominated over any common issues. Id. at 948.

[7] As of April 8, 2011, defendants had taken twenty-one depositions. Defs.' Letter 1, ECF No. 135. Defendants noted that an additional deposition was held in a letter dated June 3, 2011. Defs.' Letter 1, ECF No. 137. Another deposition was scheduled for July 28, 2011. Pls.' Letter 1, ECF No. 143. That totals twenty-three depositions, and the Court granted permission to take twenty-four depositions. See Pls.' Letter 1, ECF No. 122.

see also Myers, 2007 WL 2126264, at *5 (declining to certify class where deposition testimony evidenced variation in the putative plaintiffs' levels of managerial duties). Furthermore, defendants provided conflicting evidence in the form of declarations by current employees of defendants that state that managers and assistant managers have significant managerial responsibility. See Opp'n Mem., Attachs. 1–4, ECF No. 160. These differing accounts are precisely the reason why individualized proof is necessary to determine if any particular employee was misclassified.

Lastly, plaintiffs' contention that the issues requiring individualized proof are minimal because they will primarily relate to damages is without merit. See Cert. Mem. 8. Although "[i]t is well-established that individual questions with respect to damages will not defeat class certification," this is not the case here. In re AM Int'l, Inc. Sec. Litig., 108 F.R.D. 190, 196 (S.D.N.Y. 1985). The individual inquiries necessary to determine the propriety of the classifications do not relate merely to damages, but rather to the heart of defendants' liability. See Myers, 2007 WL 2126264, at *4 (finding that individualized proof was necessary in order establish liability as opposed to just damages in a misclassification case).

Because plaintiffs fail to demonstrate that common issues will predominate,[8] I find that plaintiffs have not met their burden under Rule 23(b).[9]

---

[8] This is not to say that courts will never certify classes in exemption cases. See Myers, 624 F.3d at 549. Some courts have done so, for example, when the need to conduct individualized determinations was obviated by the existence of employer documents and other evidence that sufficiently established the scope of the employees' duties. See Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 159 (S.D.N.Y. 2008) (granting certification because the plaintiffs could point to, inter alia, a document created by the defendant that explicitly set forth employee duties, and defendants conceded the uniformity of business practices across its stores). This line of reasoning, however, is not applicable here because plaintiffs identify no such document or other sufficient evidence that uniformly sets forth the duties of managers and assistant managers at defendants' stores.

[9] Because plaintiffs fail to establish the predominance of common issues, I decline to address whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### 7. Rule 23(b)(2): Injunctive Relief

Plaintiffs also attempt to certify the class under Rule 23(b)(2), which permits maintenance of a class if the "party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). This standard was recently examined in Dukes, wherein the Court explained:

> [W]e think that, at a minimum, claims for individualized relief . . . do not satisfy the Rule. The key to the (b)(2) class is "the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." In other words, Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages.

131 S. Ct. at 2557 (citation omitted). In other words, classes may be certified under Rule 23(b)(2) when a single injunction or declaratory judgment can be applied across the entire class to remedy the undesired conduct in one fell swoop. When, on the other hand, individualized remedies are required, Rule 23(b)(3) is the more appropriate vehicle. See id. at 2558 ("[W]e think it is clear that individualized monetary claims belong in Rule 23(b)(3)").

The portion of plaintiffs' memorandum pertaining to certification under Rule 23(b)(2) is brief, and it is not clear whether they attempt to certify the monetary and injunctive claims together, or, failing that, only the injunctive claim. Regardless, certification is not appropriate. To the extent plaintiffs seek to certify the monetary and injunctive claims together, they fail because Rule 23(b)(2) does not permit class certification where, as here, "each class member would be entitled to an individualized award of monetary damages." Id. at 2557. Moreover, the

monetary relief they seek is not incidental to the injunctive and declaratory relief. See id. ("We now hold that [certification of claims for monetary relief is inappropriate under Rule 23(b)(2)], as least where . . . the monetary relief is not incidental to the injunctive or declaratory relief.") Rather, a review of the complaint reveals that the primary impetus for bringing the suit is financial recompense for unpaid overtime and minimum wages. To the extent plaintiffs seek to certify only the injunctive and declaratory claims, that effort fails as well because defendants' conduct is not "such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." Id. There is no "single injunction or declaratory judgment [that] would provide relief to each member of the class" because determining whether defendants' practices are unlawful will require an individualized examination of each plaintiff's responsibilities to determine whether that plaintiff was misclassified as management. Id. at 2557.

Therefore, I find that plaintiffs fail to establish that they are entitled to class certification under Rule 23(b)(2). Because plaintiffs fail to satisfy their burdens under Rule 23(a) and (b), I respectfully recommend that the motion for class certification be denied.

### III. AMENDMENT OF COMPLAINT IN LIGHT OF SHADY GROVE

Under Rule 15(a), "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs request that paragraph 128 of the Amended Consolidated Complaint, which waived the right to punitive damages, be deleted in light of the Supreme Court's decision in Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., __ U.S. __, 130 S. Ct. 1431 (2010). Defendants do not object to this proposed amendment. See generally Opp'n Mem. As explained in Pefanis v. Westway Diner, Inc., No. 08-CV-002, 2010 WL 3564426 (S.D.N.Y. Sept. 7, 2010), the Court found in Shady Grove that:

14

> N.Y. C.P.L.R. § 901(b), which precludes a suit to recover a statutory "penalty" or "minimum measure of recovery" from proceeding as a class action, was in direct conflict with Rule 23. As a result, the Court held that Rule 23, not § 901(b), must be applied to New York class actions brought in federal court. As such, plaintiffs may now seek liquidated damages authorized by NYLL as part of a Rule 23 class action in federal court.

2010 WL 3564426, at *6–7 (citations omitted). Therefore, I respectfully recommend that plaintiffs be permitted to file an amended complaint with the deletion of paragraph 128.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that the motion for certification be denied, and that the motion to amend be granted. Any objections to this report and recommendation must be filed by ECF within fourteen (14) days of the date of entry of this report and recommendation. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

SO ORDERED.

Dated: September 26, 2011
      Brooklyn, New York                                   /s/
                                                          JOAN M. AZRACK
                                                          UNITED STATES MAGISTRATE JUDGE