UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GEORGE GARDNER, MORRIS WHITE, and
LAWRENCE CARRINGTON,
Individually and on Behalf of All Other Persons
Similarly Situated,

                                 Plaintiffs,

                -against-

WESTERN BEEF PROPERTIES, INC., et al.,

                               Defendants.
------------------------------------------------------------------X

**ORDER**
07-CV-2345 (RJD) (JMA)

**AZRACK**, **United States Magistrate Judge:**

In light of the denial of class certification of plaintiffs' state law claims, plaintiffs' counsel has requested permission to send the putative class members a letter advising them that the statute of limitations for those state laws claims is running. For the reasons stated below, that request is granted in part and denied in part.

BACKGROUND

On July 23, 2009, Judge Dearie preliminarily certified a collective action covering plaintiffs' claims under the federal Fair Labor Standards Act ("FLSA"). Although the statute of limitations for FLSA claims does not exceed three years, Judge Dearie permitted the collective action notice to be distributed to all salaried Managers and Assistant Managers employed by Western Beef, Inc., or Western Beef Retail, Inc. ("defendants") during the previous six years. New York Labor Law, under which plaintiffs were also pursuing a putative class action, provides for a six-year statute of limitations.

The collective action notice briefly refers to plaintiffs' state law claims. After explaining the FLSA's statute of limitations, the notice states:

> In the future, should a class be certified for overtime claims arising from New York State law, those state law claims permit recovery within the prior (6) year period. As a result, this Notice of the Plaintiffs' federal and state law claims is being provided to all Managers and Assistant Managers employed during the 6-year period from **July 23, 2003 to present**.

The collective action notice was sent to approximately 334 persons who were employed by defendant during the previous six years. Approximately 45 of those employees opted into the collective action.

On September 26, 2011, I issued a report and recommendation recommending denial of plaintiffs' motion for class certification of their state law claims. Plaintiffs filed objections to that report and recommendation on October 7, 2011.

On November 16, 2011, plaintiffs' counsel requested permission to send a letter and a response card to the putative class members who did not opt into the collective action. Plaintiffs' counsel's proposed letter seeks to inform the putative class members that even though they did not participate in the collective action, they may still be entitled to recover under state law. The letter also states that the putative class members have only a limited time to act on their state law claims.[1]

On December 9, 2011, Judge Dearie adopted, with some supplementation, my report and recommendation. Among other things, Judge Dearie denied, without prejudice, "[p]laintiffs' alternative request for certification of a state-wide class of present or former employees . . . who hold or held the title 'Department Manager' of a department 'where they worked alone or with

---

[1] The tolling of the statute of limitations for putative class members ceases upon denial of class certification. See Am. Pipe & Const. Co. v. Utah, 414 U.S. 538 (1974).

only one other employee.'" A review of the docket indicates that plaintiffs have not taken any action in this case since Judge Dearie's December 9, 2011, order.[2]

## DISCUSSION

Federal Rule of Civil Procedure 23(d) provides that "[i]n conducting an action under this rule, the court may issue orders that . . . require--to protect class members and fairly conduct the action--giving appropriate notice to some or all class members of . . . any step in the action." Fed. R. Civ. P. 23(d). "The Court's discretion in applying this provision is as broad as necessity and common sense would dictate, 'to fulfull [sic] requirements of due process,' and to give expression to the 'equitable powers' of federal courts in class action matters." Leist v. Tamco Enterps., Inc., No. 80 Civ. 4439, 1984 WL 2425, at *2 (S.D.N.Y. Apr. 3, 1984) (quoting Fed. R. Civ. P. 23 Advisory Committee Notes) (1966 Amendments)). However, the Advisory Committee Notes indicate that "[n]otice is available fundamentally [to protect class members and fairly conduct the action] and should not be used merely as a device for the undesirable solicitation of claims." Fed. R. Civ. P. 23 Advisory Committee Notes (1966 Amendments).

Under Rule 23(d), courts have the discretionary authority to order that putative class members be notified when class certification has been denied. Robinson v. First Nat. City Bank, 482 F. Supp. 92, 99–101 (S.D.N.Y. 1979); Puffer v. Allstate Ins. Co., 614 F. Supp. 2d 905 (N.D. Ill. 2009). Such notification is warranted if putative class members will be prejudiced absent notice. Robinson, 482 F. Supp. at 100–01; see also Puffer, 614 F. Supp. 2d at 911–12 (holding that even if a court is not convinced that putative class members would in fact be prejudiced, notice is still appropriate unless the court finds that the risk of prejudice is "nil"). Prejudice can arise if putative class members were aware of the class action; in such circumstances, the

---

[2] In light of this, the Court assumes that plaintiffs will not seek certification of the more limited class discussed in Judge Dearie's decision.

putative class members may forgo instituting individual suits in reliance on the class action. See Robinson, 482 F. Supp. at 100–01 (declining to require notice where putative class members did not receive individual notice and there was minimal publicity regarding class action).

In many instances, notice to putative class members that class certification has been denied may be unnecessary because, at that point in the proceedings, the putative class members likely have not yet learned of the putative class action and, therefore, cannot have relied on it to their detriment. Here, however, the putative class members were notified of the putative state law class action in the July 2009 collective action notice. At first blush, that would appear to be sufficient to establish the possibility of prejudice. Nonetheless, in the somewhat unique circumstances here, the risk of prejudice is so minimal that sending notice of the denial of class certification to all of the putative class members is not warranted. Rather, notice shall only be sent to the putative class members who did not opt into the collective action and whose employment as a Manager or Assistant Manager ended before July 23, 2006.

Plaintiffs' counsel does not need the Court's permission to communicate information regarding the denial of class certification to employees who opted into the collective action. In fact, the instant request does not seek permission to communicate with those employees.[3] Therefore, the only issue before me is whether the employees who did not opt into the collective action should receive notice that class certification was denied on the state law claims.

It is highly unlikely that the employees who did not opt into the federal collective action are currently refraining from pursuing individual state law actions because they believe that the class action is protecting their interests. Any putative class member who would now be willing

---

[3] The substance of the letter proposed by plaintiffs' counsel is directed only at employees who did not opt into the collective action.

to bring an individual state law claim would surely have opted into the federal collective action when given the opportunity.[4]

There is, however, one scenario in which putative class members who did not opt into the FLSA collective action may have detrimentally relied on the collective action notice's reference to the putative class action. This could have occurred if: (1) the employee's employment as a Manager or Assistant Manager ended more than three years prior to July 23, 2009, the date of the collective action notice; and (2) the employee elected not to opt into the collective action because, based on the FLSA's three-year statute of limitations, the employee believed that he or she was not eligible to join the collective action. This scenario is unlikely because, inter alia, the collective action notice states that all employees who fit within the definition of the collective action class "may join" the FLSA case and that definition did not include any temporal limitation. Nevertheless, the above scenario is possible given that the collective action notice explained the differing limitations periods for the FLSA and state law claims to the putative class members. At the very least, it is possible that these provisions of the collective action notice confused some of the putative class members. In light of this, it is appropriate to send notice of the denial of class certification to all putative class members who did not opt in to the collective action and whose employment as a Manager or Assistant Manager ended before July 23, 2006.

However, plaintiffs' counsel is not permitted to send the letter and response card that they have proposed. See Puffer, 614 F. Supp. 2d at 918 ("Rule 23(d)(1) notice is not intended to encourage putative class members to file (or not file) suit, or to file suit in any particular court, or

---

[4] Nothing in the record indicates that any of the employees who did not opt into the collective action have pursued individual FLSA actions.

to suggest which counsel that individual putative class members may consult."). Rather, plaintiffs' counsel shall use the notice appended to this order. Plaintiffs' counsel shall use plain envelopes to mail the notice. The envelopes shall not include any return address and shall not include any reference to plaintiffs' counsel.

SO ORDERED.

Dated: February 16, 2012
      Brooklyn, New York

                                                /s/
                                  JOAN M. AZRACK
                                  UNITED STATES MAGISTRATE JUDGE

Notice Authorized by the United States District Court for the Eastern District of New York

# Legal Notice of Denial of Class Certification

TO: Current and former employees of Western Beef, Inc. or Western Beef Retail, Inc., who held a salaried position with the title "Manager" or "Assistant Manager" at or below the Department level (including but not limited to Department Managers, Dairy Managers, Frozen Food Managers, Receiving Managers, Assistant Meat Managers, Assistant Deli Managers, etc.) in any WESTERN BEEF store location during the period from July 23, 2003 to July 23, 2006 and whose employment as a Manager or Assistant Manager ended before July 23, 2006.

RE: Class action lawsuit seeking payment of overtime and minimum wages filed by Plaintiffs Morris White, Lawrence Carrington, and George Gardner ("Plaintiffs") against Western Beef, Inc., Western Beef Retail, Inc., Miguel Abinader, Derrick Garfield, and others ("Defendants"). Filed in the United States District Court for the Eastern District of New York (07 Civ. 02345).

This lawsuit alleges that the Defendants violated federal law and New York State Law by misclassifying Managers and Assistant Managers and failing to pay them minimum wages and overtime compensation. The Defendants deny any wrongdoing and they vigorously contest all claims that have been made against them in this lawsuit.

In 2009, you were sent a court-authorized notice regarding this lawsuit. That notice advised you of your option to join the part of the lawsuit concerning claims under federal law. Because you did not respond to that notice, you did not join that part of the lawsuit. There is also another part of the lawsuit concerning claims under New York State Law. Although the Plaintiffs tried to bring the claims under New York State Law as a class action, on December 9, 2011, the Court concluded that this lawsuit should not proceed as a class action. The purpose of this Notice is to inform you of the Court's December 9, 2011, decision.

The Court's December 9, 2011, decision is relevant to you because:

1) As of December 9, 2011, the limited time period for you to bring your own lawsuit under New York State Law has begun to run again.

2) Any claim that you may have under New York State Law is not being pursued by the Plaintiffs in this lawsuit or by their counsel. Therefore, if you wish to pursue the claims under New York State Law that the plaintiffs tried to bring as a class action, you will need to bring your own individual lawsuit, either on your own or with the assistance of your own lawyer.

The notice you received in 2009 was sent to you by law firms that represent plaintiff employees in this case. If you elect to pursue an individual lawsuit under New York State Law, you can be represented by any attorney of your choosing and are not required to use any of the law firms currently involved in this case. This Notice is not intended to express any opinion by the Court regarding the law firms currently involved in this case.

You may examine a complete copy of the Court's December 9, 2011, decision and the rest of the file for this case during regular office hours in the office of the Clerk of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201.

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT FOR THE EASTERN DISTRICT OF NEW YORK. THE COURT TAKES NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF THE DEFENDANTS' DEFENSES.**